UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM HOWER MELENDEZ,

    Plaintiff,

v.                                       Case No. 8:10-cv-537-T-23TGW

MAJOR HEAD, et al.,

    Defendants.
_____/

## O R D E R

Melendez's complaint alleges that the defendants violated his civil rights by not following the "Florida Model Jail Standards" and the rules for disciplinary proceedings at the Pasco County jail. Although entitled to a lenient construction, Haines v. Kerner, 404 U.S. 519 (1972) (per curiam), the complaint fails to state a claim.

The Prisoner Litigation Reform Act requires dismissal of an in forma pauperis prisoner's action "if the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e).

Melendez alleges that "Major Head ha[s] totally disregarded the procedural rules and ha[s] changed them to benefit their own imposition of abuse." Melendez cites "Florida Model Jail Standards Rule No. (9.03) Mail (Sub-part a-i)." A detainee's constitutionally protected rights for sending and receiving mail are governed by Thornburgh v. Abbott, 490 U.S. 401, 413 (1989), Turner v. Safley, 482 U.S. 78, 89

(1987), and Procunier v. Martinez, 416 U.S. 396 (1974), not the "Florida Model Jail Standards." The failure to follow institutional rules and regulations asserts no violation of Melendez's constitutional rights. Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996)[1] ("[A] prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met."). See also Harris v. Birmingham Board of Education, 817 F.2d 1525, 1528 (11th Cir. 1987) ("[E]ven if the state statute has been violated, that does not prove a violation of a federal constitutional right. Harris must show not just a violation of a state statute, but a constitutional violation in this section 1983 action."); Smith v. Georgia, 684 F.2d 729, 733 n.6 (11th Cir. 1982) ("[N]ot every violation by a state agency of its own rules rises to the level of a due process infringement."). Therefore, Melendez's claim that the defendants violated the "Florida Model Jail Standards" fails to state a claim upon which relief may be granted.

Melendez's disagreement with the defendants' interpretation and application of the jail's grievance procedures also fails to state a claim. "[A] prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure." Thomas v. Warner, 237 Fed. Appx. 435, 437-38 (11th Cir. 2007).[2] See also Baker v. Rexroad, 159 Fed. Appx. 61, 62 (11th Cir. 2005) (A prison inmate grievance procedure is not constitutionally mandated, and therefore prison officials' failure to take corrective action

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." CTA11 Rule 36-2.

- 2 -

upon prisoner's filing of grievance did not amount to a violation of due process.), and Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996) ("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."). A prison official's failure to process a grievance, without more, is not actionable under Section 1983.  "Plaintiff's allegations that prison officials failed to comply with the prison's voluntary grievance procedures [do] not state a due process claim."  Thomas, 237 Fed. Appx. at 438.

Melendez should file an amended complaint if he has facts showing that the defendants violated a protected constitutional right, as compared to the failure to follow the "Florida Model Jail Standards" or internal grievance procedures.

Accordingly, the civil rights complaint (Doc. 1) is **DISMISSED** without prejudice to the filing of an amended complaint within **TWENTY (20) DAYS**.  The failure to timely file an amended complaint will result in the dismissal of this case without further notice.

ORDERED in Tampa, Florida, on April 21, 2010.

*/s/ Steven D. Merryday*
_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE